[708 NYS2d 140]

In the Matter of ALLEN C. ROLLE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 22, 2000

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Allen C. Rolle,* Forest Hills, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a peti-

tion containing two charges of professional misconduct. After a hearing, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted an affidavit in opposition, contending that the Special Referee erred in his determination.

Charge One alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

By letter dated February 2, 1999, the Grievance Committee asked the respondent to submit an answer to the complaint of Michael A. Shichman, Esq. When no answer was forthcoming, the Grievance Committee sent the respondent a certified letter, on or about March 15, 1999, again demanding his answer. The respondent failed to timely submit any written response to the Grievance Committee.

Charge Two alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

By letter dated January 26, 1999, the Grievance Committee asked the respondent to submit an answer to the complaint of Daisy Ramos. When no answer was forthcoming, the Grievance Committee sent the respondent a certified letter, on or about March 15, 1999, again demanding his answer. The respondent failed to timely submit any written response to the Grievance Committee.

Based on the evidence adduced, the Special Referee properly sustained both charges and the Grievance Committee's motion to confirm the Special Referee's report is granted.

The credible evidence establishes that the respondent received and ignored four letters and a personal telephone message from the Grievance Committee seeking his answers to complaints of professional misconduct. Each of the letters warned the respondent of the consequences of failing to cooperate with the Grievance Committee's investigation. Even though Grievance Counsel's telephone message conveyed the urgent nature of the matter, the respondent remained silent until he was informed that there were papers to be served on him.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent

was issued an admonition by the Departmental Disciplinary Committee of the Appellate Division, First Department, dated April 17, 1995, for neglecting a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]). Notwithstanding the respondent's characterization of this matter as one of apparent misplacement rather than misconduct and his eventual submission of answers to both complaints, he is guilty of professional misconduct which warrants his suspension from the practice of law for one year.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and McGINITY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Allen C. Rolle, is suspended from the practice of law for a period of one year, commencing June 22, 2000, and continuing until the further order of this Court, with leave to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Allen C. Rolle, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.