[740 NYS2d 222]

In the Matter of ALLEN C. ROLLE, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 15, 2002

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Diana J. Szochet* and *Robert J. Saltzman* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated August 25, 2000, containing five charges of professional misconduct. After a pretrial conference on January 11, 2001, and a hearing on March 13, April 24, and May 22, 2001, Special Referee Egitto sustained all five charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems appropriate. The respondent has neither cross-moved nor submitted any papers in response to the motion.

Charge One alleges that the respondent engaged in an impermissible conflict of interest, in violation of Code of Professional Responsibility DR 5-101 (a), DR 5-105 (a) and DR 5-107 (b) (22 NYCRR 1200.20 [a]; 1200.24 [a]; 1200.26 [b]).

In or about 1995, the respondent acted as attorney for Reverend Jerry West and/or his affiliated organizations, Christian Services, Mount Moriah Church, and Interdenominational Brotherhood. At about that time, the respondent represented Reverend Billy Ravenell in connection with the imminent foreclosure of his home. He effectuated a transfer of title from Reverend and Mrs. Ravenell to Reverend West and/or his affiliated organizations. The respondent's independent professional judgment on behalf of Reverend Ravenell was adversely affected by his relationship with Reverend West, which relationship he failed to disclose.

Charge Two alleges that the respondent is guilty of engaging in conduct involving dishonesty, deceit, fraud, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

On or about April 19, 1995, the respondent acknowledged and notarized the purported signatures of Reverend Ravenell and his wife on a deed transferring title to their property to Mount Moriah Church of God in Christ. Neither Reverend nor Mrs. Ravenell signed the deed.

Charge Three alleges that the respondent is guilty of engaging in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

The respondent borrowed the sum of $15,000 from Michael W. Applebaum on or about January 1, 1994. At the time, the respondent signed a promissory note acknowledging the debt. He made one late payment and defaulted on the loan. Mr.

Applebaum obtained a default judgment against the respondent for the money owed. When the respondent failed to appear for a postjudgment deposition, a contempt order was issued against him. The respondent failed to avail himself of the opportunity to purge the contempt. A warrant was subsequently issued for his arrest. .

Charge Four alleges that the respondent is guilty of engaging in conduct involving dishonesty, deceit, fraud, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

In or about January 1999, Michael Schichman filed a complaint with the petitioner alleging, among other things, that the respondent, who represented a debtor, failed to respond to his numerous communications on behalf of a creditor.

In his answer, the respondent disavowed knowing or dealing with Mr. Schichman. In fact, the respondent wrote to Mr. Schichman concerning the matter.

Charge Five alleges that the respondent has been guilty of engaging in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), based upon all of the aforesaid allegations.

Based on the evidence adduced, the Special Referee properly sustained all five charges. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the petitioner notes that it issued a Letter of Caution to the respondent dated March 16, 2001, for his failure to reregister as an attorney until directed to do so. This is in addition to a one-year suspension imposed upon the respondent by opinion and order of this Court dated May 22, 2000, based upon two charges of failing to cooperate with the Grievance Committee's investigation (see Matter of Rolle, 271 AD2d 103, supra).

Notwithstanding the respondent's claims, in answer to the petition, that his professional judgment was never impaired and that he had acted with full disclosure and the acquiescence of his clients, he is guilty of serious acts of professional misconduct which warrant his disbarment.

PRUDENTI, P.J., RITTER, ALTMAN, FLORIO and SCHMIDT, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Allen C. Rolle, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Allen C. Rolle is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.